[S. F. No. 12311. Department One.—April 21, 1928.]

EMELINE A. BENNETT, etc., Respondent, v. CHANSLOR & LYON COMPANY (a Corporation) et al., Appellants.

Ray W. Hays for Appellants.

Butler, Van Dyke & Desmond for Respondent.

SEAWELL, J.—Defendants appeal from a judgment rendered for plaintiff in an action to recover damages for personal injuries received when an automobile in which she was riding, and which was being driven by her husband, was struck by an automobile operated by defendant E. C. Kellogg. Defendant Chanslor & Lyon Company, a corporation, was the owner of the automobile operated by defendant E. C. Kellogg, whom it employed in the capacity of credit manager in the San Joaquin Valley district. The jury rendered a verdict for plaintiff against both defendants in the sum of $9,041. Defendants' motion for a new trial was thereafter denied on condition that plaintiff file a remission consenting to the reduction of the damages to $5,000. Plaintiff filed the required remission.

Appellants contend that there is an absence of evidence of any negligence whatsoever on their part, and that the proof shows as a matter of law that the proximate cause of the accident was the negligence of plaintiff's husband, with whom she was riding, which negligence was imputable to her and bars her right of recovery upon the authority of *Basler* v. *Sacramento Ry.*, 158 Cal. 514 [Ann. Cas. 1912A, 642, 111 Pac. 530], and decisions following that case. It was there held that the negligence of the husband precluded recovery by the wife, for the reason that any damages recovered would be community property over which the husband would have the right of management, and to permit recovery for injuries of the wife would be to allow the husband to profit by his own wrong. ■ We are of the opinion that the Basler case does not rule the instant case for the reason that the jury presumably obeyed the court's instructions, which were to the effect that if the husband was guilty of contributory negligence the wife was not entitled to recover. The jury, therefore, impliedly found that the husband was not guilty of negligence proximately contributing to the accident.

The accident occurred between 6:30 and 6:40 P. M. on October 4, 1924, at the intersection of Van Ness Avenue and Stanislaus Street in the city of Fresno. The sun set at 5:38 on said date. Both streets are busy thoroughfares. The car in which plaintiff was riding, a National touring car, was proceeding westerly on Stanislaus Street. Defendant Kellogg was moving in a northerly direction on Van Ness Avenue in the automobile owned by defendant Chanslor & Lyon Company, which was a Nash roadster.

Plaintiff's husband stated in his deposition introduced in evidence that he and plaintiff had been visiting friends on Stanislaus Street several blocks east of the intersection where the accident occurred; that upon leaving their friends' home he turned on the lights on his car and proceeded westerly on Stanislaus Street to Van Ness Avenue at a speed of 10–12 miles an hour. He further stated that when he reached the intersection he looked south and observed the Nash roadster "about half a block away," or at least one hundred yards south of the intersection, and, thinking there was no question of his ability to cross safely, proceeded ahead and knew nothing further of defendants' car until it violently struck his car at a point west of the center line of Van Ness Avenue with such force that the doors of his car flew open and plaintiff was thrown into the street a distance of fifteen to twenty feet. The Nash roadster was not brought to a stop by the impact of the collision, but continued to move in a northwesterly direction and in its course struck the automobile of Dr. and Mrs. Anderson, witnesses on defendants' behalf, who were driving south on Van Ness Avenue and reached the intersection at approximately the same time as the other two cars.

The plaintiff, as well as her husband, testified that the lights on the car in which she was riding were turned on when she and her husband left their friends' home, and that it was not "real dark" at the time, but "dusk."

Defendants' version of the collision, as given by defendant Kellogg and by Dr. and Mrs. Anderson, differs from the account of plaintiff and her husband. According to Kellogg, he failed to observe the car until it was directly in front of him at a distance of only several feet, because it was dark and the car was not lighted; it was traveling at a speed of not less than twenty miles an hour and the speed of

his car did not exceed fifteen miles an hour. Both Dr. and Mrs. Anderson estimated the speed of the car in which plaintiff was riding as between twenty-five and thirty miles an hour, and both united in testifying that it was without lights. Kellogg also stated that the collision took place on the easterly side of the street and not on the westerly, or his left side of the street, as claimed by plaintiff's husband. The testimony of plaintiff's husband was that he turned the lights of his car off immediately after the impact.

█ The record presents a sharp conflict on material points. As an appellate court we cannot usurp the function of the jury and the trial court, who finally passed upon the weight, effect, and sufficiency of the evidence and the credibility of witnesses, and determine in place of these arbiters of fact the credibility of witnesses and resolve conflicts in proof. From a consideration of plaintiff's evidence, which is sufficient as a matter of law to sustain the judgment, the jury must have inferred that defendant Kellogg negligently failed to observe the approaching car in time to avoid a collision, or, being aware of the presence of said car, negligently failed to so operate his own car as to avoid striking the car in which plaintiff was riding. The jury was further warranted in concluding that the plaintiff's husband was free from negligence in going forward across the intersection and acted as a person of reasonable prudence in not apprehending a collision with the Nash roadster, which he observed a half a block south or one hundred yards from the intersection.

█ The defendants' demurrer urging that the complaint was ambiguous and unintelligible and failed to state a cause of action in that it could not be determined therefrom with whom plaintiff was riding as a guest, nor who owned the automobile in which she was riding, was properly overruled. Defendants suffered no injury whatsoever from the omission of said allegations, as the facts were alleged in the answer and fully brought out at the trial. The complaint merely alleged that plaintiff was riding as a guest in a certain National automobile. █ Imputed negligence, like contributory negligence, is a matter of defense. If the relationship between the driver of the vehicle and the plaintiff was such that his negligence would be imputable to her and bar her recovery, the burden was upon the de-

fendants to allege and prove such relationship. Plaintiff was not required to anticipate defenses.

■ Appellants' contention that the trial court committed reversible error in modifying certain instructions offered by them is without merit. Although the court modified an instruction in which the jury was told that if plaintiff's husband negligently and carelessly operated his automobile and his negligence contributed proximately to plaintiff's injury, they should find that his negligence was imputable to her, by striking therefrom the words ''and she cannot recover,'' the jury was clearly told in another instruction that if negligence of the husband contributed proximately to the injury they should find for the defendants.

■ Defendant Chanslor & Lyon Company, in its answer to the complaint, denied that defendant Kellogg was acting as its agent or in the course of his employment when the accident occurred. The jury in rendering the verdict against said company under instructions from the court as to the liability of an employer for torts of an employee impliedly found against said company on the facts and circumstances of the case. We do not discuss said issue herein for the reason that we find no reversible error and for the further reason that appellant company has not argued the question in the briefs filed.

This case, like many others of its class, presents a question of conflicting evidence passed upon in the first instance by the jury and finally by the trial court. The verdict of the jury and judgment entered thereon is sufficiently supported by evidence to be found in the record.

The foregoing disposes of all questions raised by appellants in their opening brief.

Judgment affirmed.

Curtis, J., and Preston, J., concurred.