[Civ. No. 10450. Second Appellate District, Division Two.—November 22, 1935.]

LAM ONG, as Administrator, etc., Appellant, v. PACIFIC MOTOR TRUCKING COMPANY (a Corporation) et al., Respondents.

Harry M. Irwin and Everett H. Mills for Appellant.

W. I. Gilbert for Respondents.

WOOD, J.—This action was filed by the administrator of the estate of Lim Duck Ning, deceased, for damages for the wrongful death of decedent alleged to have been caused by the negligence of defendants. Decedent was struck and killed by the automobile truck of defendant corporation, driven by its employee, defendant Downer, on February 15, 1934, while decedent was on foot crossing Alameda Street at its intersection with Marchessault Street in Los Angeles within the lines of the pedestrian safety zone. After the denial of defendants' motion for a directed verdict the jury rendered a verdict for plaintiff, whereupon defendants moved for judgment notwithstanding the verdict. This motion was granted and plaintiff appeals.

Defendants contend that the evidence was insufficient to establish a marriage between deceased and Lim Wong Shee, his widow, or the heirship of the surviving children of deceased. Plaintiff's witnesses Hoy, Ong and Quong testified that decedent had repeatedly declared that the persons alleged to be such were his wife and children and that those persons had been maintained and supported by decedent in his home and had been received and accepted by his family, friends and associates as his wife and children. Decedent's cousin Ong testified that his grandfather and decedent's father were brothers; that he had been in decedent's house in China and saw decedent with his wife and children therein upon many occasions; that decedent had introduced them to the witness as his wife and children and that decedent had gone "many times" in company with his wife to the home of the witness. Plaintiff's witnesses also testified that decedent supported his wife and children by sending money to them on various occasions; that they took to China and delivered to his wife sums which decedent had requested them "to take home" to her for

the support of herself and their children, and that on their return to Los Angeles they brought reports and messages to decedent from his family. The heirship of the persons alleged to be decedent's wife and children is sufficiently established. (*Pearson* v. *Pearson*, 46 Cal. 609; *Estate of Flood*, 217 Cal. 763 [21 Pac. (2d) 579].)

Defendants' contention that the judgment cannot be upheld, for lack of proof that the heirs mentioned in the testimony were not the *only* heirs of decedent, cannot be sustained. The action was commenced by the administrator in behalf of all the heirs and not by the heirs themselves. Even if an additional heir should appear, defendants could not be subjected to another judgment growing out of the same cause of action. (*Salmon* v. *Rathjens*, 152 Cal. 290 [92 Pac. 733].) It is evident that if another child existed whose existence was not shown by the evidence in this case, the omission would be to the pecuniary advantage of defendants. (*Rabe* v. *Western Union Tel. Co.*, 198 Cal. 290 [244 Pac. 1077].)

It is contended by defendants that deceased was guilty of contributory negligence as a matter of law. Witnesses testified that decedent's face was turned toward defendants' approaching truck; that before he entered the path of the truck in the course it was then traveling the decedent stopped or hesitated near the center of the street; that thereupon defendant Downer suddenly turned or swerved the truck to the left, directly toward the decedent; that decedent then took a step or two forward in an obvious effort to get out of the path of the truck as it was swerved toward him by defendant Downer, and that he was struck down by the truck within the lines marking the pedestrian safety zone. Defendant Downer testified that he turned or swerved his truck to the left toward decedent in order to avoid a collision with another automobile which entered Alameda Street, from Marchessault Street; but other witnesses testified that no automobile, other than the defendants' truck, was at or near the intersection at that time and, in particular, that no automobile entered Alameda Street from Marchessault Street while the defendants' truck was in or near that intersection. Clearly it was the jury's function to determine the question of contributory negligence.

It is provided in section 629 of the Code of Civil Procedure, that the granting of a motion for judgment notwith-

standing the verdict depends upon the existence of grounds for the granting of a motion for a directed verdict. A motion for judgment notwithstanding the verdict should not be granted if there is substantial evidence to support the verdict, and in determining the question whether there is such substantial evidence plaintiff is entitled to have the evidence construed in a light most favorable to his cause of action. (*Barthelmess v. Cavalier*, 2 Cal. App. (2d) 477 [38 Pac. (2d) 484]; *Estate of Flood*, 217 Cal. 763 [21 Pac. (2d) 579]; *Estate of Caspar*, 172 Cal. 147 [155 Pac. 631].) The evidence in the case before us did not justify the granting of the motion.

The judgment is reversed, with instructions to the lower court to enter judgment in accordance with the verdict.

Crail, P. J., and Gould, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 10, 1935, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 20, 1936.