[Civ. No. 19615. Second Dist., Div. One. Jan. 26, 1954.]

HAPPY MAY BARTON et al., Appellants, v. ORVAL DWIGHT MESSMORE et al., Respondents.

Donkin & Mulholland and Robert A. Cushman for Appellants.

George A. Kuittinen for Respondents.

WHITE, P. J.—On December 2, 1951, at about 9:45 in the evening, Clarence O. Barton was operating his automobile in a southerly direction on Lincoln Boulevard in Santa Monica, California, accompanied by his wife, one of the plaintiffs herein, Happy May Barton. Their automobile was struck from the rear by a tractor and semitrailer operated by the defendant Orval Messmore and owned by defendant Union Truck Company. As a result of the accident Clarence O.

Barton was killed and Happy May Barton was injured. Plaintiffs, the wife and children of the decedent, Clarence O. Barton, by their complaint, sought damages for the death of the latter, and by a second cause of action Happy May Barton sought recovery for personal injuries sustained by her. The jury returned two verdicts, one as to each cause of action, finding for the defendants as to each cause of action. Plaintiffs appeal from the judgments and from the order denying a motion for a new trial. The attempted appeal from the order denying a motion for a new trial, being unauthorized by law, must be dismissed.

██ Appellants contend that the evidence is insufficient to support the verdict, in that, viewing the evidence in the light most favorable to respondents, the only conclusions to be drawn are that the negligence of the truck driver was the sole proximate cause of the accident and that any negligence on the part of the deceased, Clarence O. Barton, was not a proximate cause of the accident. This contention cannot be sustained.

The vehicle operated by Clarence O. Barton was struck as Barton was making a right turn onto Ozone Street. The defendant truck driver testified that he first saw the Barton car four or five blocks north of Ozone Street, in what would be the second lane from the center of the street if there had been marked lanes; that he followed the car at a distance of about 30 feet; that when he was about 100 feet north of Ozone Street he looked in his rearview mirror to see if he had clearance to pass; when he looked back the car was about 15 feet from the front of his truck, moving very slowly, and appeared to be starting a right-hand turn. He "hit the brakes," but it was "too late."

Appellants emphasize the evidence that the truck driver was looking into his rearview mirror for "two or three seconds" while traveling about 20 miles per hour, and did not know whether Barton gave a hand signal, and would not have seen such a signal if it had been given. It is argued that the truck driver's own testimony shows that he was negligent in following the Barton car too closely and in failing to keep the car within his vision as it approached Ozone Street, particularly since he had observed the car slow down as if to turn at a previous intersection. With respect to the conflict in the evidence as to whether Barton gave a signal of his intention to make a turn, appellants assert that failure to

give a signal did not contribute proximately to the happening of the accident for the reason that the truck driver was looking to the rear during all of the time that Barton was required by law to give a signal.

In referring to lanes of traffic, it is to be understood that there were no marked lanes on Lincoln Boulevard, but only a double line down the center of the street. The distance from the center line to the west curb was 27 feet. The truck driver testified that the Barton car had been swerving from lane to lane for three blocks prior to reaching the scene of the collision; that (assuming three lanes, the "first" lane being nearest the center of the street, and the "third" or outside lane being the lane adjacent to the curb) when the truck driver again observed the Barton car after looking in the rearview mirror it was partly in the first lane and cutting over into the second lane and practically stopped. The point of impact was 13 feet east of the west curb and 12 feet north of the north curb of Ozone Street . The right wheels of the tractor-trailer were 10 to 12 feet from the west curb. The Barton car was struck on the left side of its rear. Appellants' contention that "the Barton car was relatively close to the right-hand curb and in a proper place for the commencement of a right turn," is unsound, since the physical facts above stated would support a conclusion that Barton attempted to make a right turn from the first or second lane.

From the evidence, the jury could reasonably conclude that the accident was caused by the negligence of either driver or that they both were negligent. It was the province of the jury to resolve conflicts in the testimony and to determine what inferences should be drawn therefrom. Under the evidence it could reasonably be found that Barton was guilty of contributory negligence or that the truck driver was free from negligence, and in such circumstances the verdict may not be disturbed on appeal.

█ Appellants contend that the court erred in giving the following instruction:

"The testimony of one witness worthy of belief is sufficient for the proof of any fact *and would justify a verdict in accordance with such testimony,* even if a number of witnesses have testified to the contrary, if from the whole case, considering the credibility of witnesses and after weighing the various factors of evidence, you should believe that there is a balance of probability pointing to the accuracy and honesty of the one witness."

It is urged that by the italicized language the jury was told that if they believed the testimony of the truck driver they should find a verdict for the defendants, which would be incorrect, since under the evidence the jury might believe all the testimony of the truck driver and still find that his conduct constituted negligence. It must be held that the error is not such as to require a reversal. It is true that the instruction was criticized in *Long* v. *Standard Oil Co.*, 92 Cal.App.2d 455, 462 [207 P.2d 837], and *Ford* v. *Chesley Transp. Co.*, 101 Cal.App.2d 548, 554 [225 P.2d 997], but in the former case it was concluded that the error was not prejudicial, and in the latter case the court expressly refrained from basing its reversal upon the giving of the instruction. In view of all the instructions given, it cannot be said that the jury was misled into believing that if they gave credence to the truck driver's testimony they were bound to find that his conduct was not negligent.

The judgment rendered on the verdict as to the second cause of action (for injuries to Mrs. Barton) must be reversed. The court, at the request of defendants, instructed the jury that the negligence of the driver, Mr. Barton, was imputed to Mrs. Barton. Subsequent to the trial of this cause the rule applicable to a situation such as is here presented was enunciated in *Flores* v. *Brown,* 39 Cal.2d 622, 630, 631 [248 P.2d 922], wherein it was pointed out that a cause of action for injuries to either husband or wife arising during the marriage and while they are living together is community property, and consequently the negligence of one spouse must be imputed to the other in order to prevent the negligent spouse from profiting by his own wrong; but that the reason for the rule ceases to exist when the marriage is dissolved, and the objective of preventing unjust enrichment may be accomplished by barring only the interest of the negligent spouse or his estate. Therefore, as in the cited case, the surviving spouse may recover for her personal injuries sustained in the accident in which her husband died, and in an action to recover for such injuries the negligence of the deceased spouse is not imputed to her.

Respondents urge that the error in the giving of the instruction complained of was not prejudicial, citing *Shields* v. *Oxnard Harbor Dist.*, 46 Cal.App.2d 477, 491 [116 P.2d 121], to the effect that a general verdict imports findings in favor of the prevailing party on all material issues. We

see, however, no escape from the fact that under the evidence presented to it the jury might well have based its verdict upon a finding that while the truck driver was negligent, the negligence of the husband also proximately contributed to the accident, and in such circumstances the prejudicial effect of the instruction is manifest. The argument that the general verdict imports findings in favor of the prevailing party on all material issues and that therefore there was no prejudicial error was rejected in *Huebotter* v. *Follett*, 27 Cal.2d 765, 770 [167 P.2d 193], in which case the trial court left to the jury the determination of whether plaintiff was a guest or a passenger. The Supreme Court held that the question, on undisputed facts, was one of law, and that it was prejudicial error to place the question in the hands of the jury, "where, as here, the evidence upon the issue of negligence is such that it would amply support a factual finding either for or against defendant upon that issue." So in the present cause, where the evidence would support a verdict based upon a finding of contributory negligence by the husband, the giving of an instruction imputing such negligence to the wife in her action for personal injuries constitutes prejudicial error.

The attempted appeal from the order denying a motion for a new trial is dismissed. The judgment on the verdict as to the first cause of action (wrongful death) is affirmed. The judgment on the verdict as to the second cause of action is reversed and the cause remanded for a new trial thereon. Each of the parties will bear their respective costs on appeal.

Doran, J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 25, 1954.