[Civ. No. 8328. Third Dist., Aug. 3, 1954.]

MAY ALICE CARROLL, Appellant, v. WALTER
BEAVERS, Respondent.

James I. Harkins and Albert E. Cronin, Jr., for Appellant.

Smith & Zeller for Respondent.

VAN DYKE, P. J.—Plaintiff (appellant) brought this action for damages for personal injuries, for property damage, and for damages suffered through the death of her husband. The injuries and death occurred while plaintiff and her husband were riding in an automobile driven by the husband. The car came into collision with a car operated by defendant (respondent) at an intersection of a through highway, on which appellant and her husband were driving, with a highway on which respondent was driving. The complaint contained two counts. By the first count appellant sought recovery for her personal injuries and for damage to the car in which she and her husband had been riding. Concerning title to the car, she alleged that at the time of the accident she and her husband were the owners thereof. By the second count she repeated the allegations as to ownership of the car, alleged that her husband had been killed in the accident and sought to recover damages she suffered through his death. Respondent answered, denying generally all of the allegations of the complaint and of each of the counts therein. The answer contained, as a separate defense, allegations that appellant's husband had been guilty of contributory negligence. This defense was pleaded generally. The cause was tried to a jury and the trial court instructed that the affirmative defense of contributory negligence, if proved, was a complete defense to the action. More specifically, the court also told the jury that it appeared from the evidence the car in which appellant had been riding was being then driven by her husband and that if the jury found the driver was negligent and that his negligence contributed in any degree as a proximate cause to appellant's injury and damage, then she could not recover even if she herself took no part in the operation of the automobile and was not herself negligent.

The case was tried in early June of 1952. As the jury was being impanelled, counsel for the respondent called attention of prospective jurors to the effect under the law of contributory negligence of appellant's husband, indicating the law was such that if he had been guilty of negligence proximately contributing to her injuries, and to his death, appellant could not recover. On argument counsel stressed considerably the facts which, according to him, proved that the husband had been guilty of such contributory negligence. He stated to the jury that the court would instruct them as indicated in the *voir dire* examination and that following such instruction

they ought to return a verdict for the respondent. At the close of argument the court instructed the jury as above stated. The jury returned a single general verdict in favor of respondent.

In October of 1952, following the trial, the Supreme Court handed down its decision in *Flores* v. *Brown*, 39 Cal.2d 622, 630-631 [248 P.2d 922]. The court stated that a cause of action for injury to either the husband or the wife arising during the marriage and while they were living together is community property; that it is, therefore, usually necessary to impute the negligence of one spouse to the other to prevent the negligent spouse from profiting by his own wrong; that when the marriage is dissolved, however, the interests in such a cause of action become separate property and it becomes possible to segregate the elements of damage that would, except for the community property system, be considered personal to each spouse; and that under these circumstances the objective of preventing unjust enrichment may be accomplished by barring only the interest of the negligent spouse or his estate. Therefore, said the Supreme Court, if the husband dies in the same accident in which his wife is injured she may, nevertheless, recover for her personal injuries notwithstanding the husband's contributory negligence.

■ The general instruction, therefore, given by the trial court in this case, which told the jury that if appellant's husband had been contributorily negligent she could not recover for her personal injuries, was erroneous in view of the dissolution of the community by his death. Because of the emphasis that was placed upon the contributory negligence phase in the *voir dire* examination and in the arguments, it could not be well reasoned that the error was nonprejudicial. As to the right to recover for her personal injuries therefore the judgment against appellant, based on the general verdict of the jury, must be reversed unless, as respondent now contends, there were other reasons why the negligence of appellant's husband would be imputed to her notwithstanding the dissolution of the community. We shall discuss these further contentions later.

■ With respect to the second count in the complaint, wherein appellant sought to recover the damages she suffered through the death of her husband, the rule is that the contributory negligence of a decedent bars the recovery by his heirs of damages for his death. (8 Cal.Jur. 988; *Young* v. *Southern Pac. Co.*, 182 Cal. 369 [190 P. 36]; *Lam Ong* v.

*Pacific Motor Trucking Co.*, 10 Cal.App.2d 329 [51 P.2d 1112].) The evidence in the record shows that the jury could have based its verdict either on the contributory negligence of appellant's husband or on the lack of actionable negligence of respondent. Under such circumstances the verdict as to the death action must be affirmed unless it be reversed for error otherwise appearing in the record. (*Barton* v. *Messmore*, 122 Cal.App.2d 813, 816 [265 P.2d 949].)

Returning to the verdict in favor of respondent in the personal injury count, it is contended by respondent that the court properly instructed the jury that contributory negligence of appellant's husband would bar any recovery by her. They say this is so because it appears from the record as a matter of law that appellant was the sole owner of the automobile in which she and her husband were riding and that her husband was driving the car with her consent, with the result that in her action for her personal injuries his contributory negligence could be imputed to her by the provisions of section 402 of the Vehicle Code. (*Milgate* v. *Wraith*, 19 Cal.2d 297 [121 P.2d 10].) However we think it cannot be said that we can affirm the judgment as to the personal injury action upon the factual grounds stated. Respondent's contentions are based upon the following state of the record: Appellant alleged that the car was owned by herself and her husband (without stating the nature of that coownership), and she sought to recover damages suffered by reason of the injury done to the car in the collision. ■ Although there was no specific proof made by either party as to the status of title to the car, it was stipulated that the car was damaged to the extent of $1,900. Respondent contends that this stipulation included a stipulation that the car was the separate property of appellant. We think the record does not bear this out. When appellant rested after making her primary proof, a recess was taken by the court and on reconvening the following occurred: Counsel for appellant: "Your Honor . . . it has been stipulated *to the amount of the damages to the car,* the figure $1900.00." (Italics ours.) Counsel for the respondent: "All right." Counsel for appellant: ". . . we would like to reopen our case by stipulation, if we might, for just one witness if we may. It will be very brief." The Court: "You may. Just a moment, I might state that stipulation is rather loosely worded. You mean the plaintiff's car? Is that the situation?" Counsel for appellant: "The plaintiff's car." The Court: "And that was damaged in this acci-

dent?'' Counsel for appellant: "Yes.'' Counsel for respondent: "So stipulated.'' In argument, counsel for the appellant, while addressing the jury as to the various items of damage which he contended should go to make up their verdict in favor of appellant, said: "It has been stipulated to that her car was of the value of $1,900.'' From all this counsel for respondent argues that the stipulation was to the effect that the car was wholly owned by the appellant, the surviving wife, and that the husband was driving it with her consent. We think it quite apparent that there was not then being stipulated anything as to the title to the car and the reference to it as her car or plaintiff's car was without any intention on the part of anyone using the term that thereby it was being stipulated that she was the sole owner. Neither do we think it was stipulated that the car was being driven by the husband with the appellant's consent. Nor do we think the stipulation can properly be, as a matter of law, referred back to the time of the accident prior to the death of appellant's husband. So far as the record shows, and so far as the pleading of appellant may be considered as an admission on her part, the car may have been the community property of appellant and her husband, the title being cast in her on his death. ■ If it was community property then certainly it could not be said as a matter of law that he was driving it with her consent for he did not need her consent and she could not have withheld it. ■ The burden of proving permissive use by the owner of an automobile rests upon the party asserting the protection of the statute. (*Bradford* v. *Sargent,* 135 Cal.App. 324 [27 P.2d 93] ; *Pacific Tel. & Tel. Co.* v. *Wellman,* 98 Cal.App.2d 151, 154 [219 P.2d 506] ; *Logan* v. *Serpa,* 91 Cal.App.2d 818, 822 [206 P.2d 70].) Neither party asked any instructions on permissive use and the court gave none. Under such circumstances we cannot say that sole ownership in appellant and permissive use were shown as a matter of law or stipulated to. It still stands, therefore, that the court, under the *Flores* v. *Brown* decision, erred in telling the jury that the contributory negligence of appellant's husband would bar her recovery for her personal injuries. Furthermore, it would be unfair to permit respondent to capitalize upon dubious imputation of the negligence of appellant's husband as a consent driver. ■ Speaking generally, this was a matter of special defense to be pleaded and proved by respondent. (*Bencich* v. *Market St. Ry. Co.,* 20 Cal.App.2d 518, 526 [67 P.2d 398] ;

*Bennett* v. *Chanslor & Lyon Co.,* 204 Cal. 101 [266 P. 803].) Respondent pleaded contributory negligence generally. This may be held sufficient in the absence of demurrer, yet it gave appellant no inkling of the contention here advanced. Nor was any evidence directed specifically at this issue and it is clear the parties did not try the case upon that theory. Respondent asked no instructions, and the court gave none, upon imputation of negligence from a consent driver situation. Returning to the stipulation, it is obvious from the whole record that both counsel and the court justifiably labored under the belief that contributory negligence of the husband would bar any recovery, under community property law. Any stipulation made under such circumstances might well be carelessly made in complete reliance on that long-standing rule. To here uphold respondent's contention would be unjust.

Appellant assigns as error several rulings on evidence and several instructions given to the jury.

█ She complains first that the court erred in refusing to permit Marshall Stone, a California highway patrolman, to testify concerning statements made to him by respondent touching the accident and its cause. This officer had testified that he investigated accidents as a part of his duties; that some days after the accident in question here he had interviewed respondent Beavers in the hospital; that he did not appear at that time to be under sedatives, that his reactions were normal and that he had been very cooperative; that there were two ladies present during the interview; that he took a statement from respondent, wrote it down, showed it to respondent and that respondent then signed it; that the two ladies also signed the statement. At this point counsel for the respondent objected that it appeared the statement was a report made under section 484 of the Vehicle Code and being such that it was privileged and not admissible in evidence. Appellant's counsel protested that he did not intend to use the document as evidence, but was ''merely giving it to the Officer to refresh his recollection.'' Said the court: ''Then after you have refreshed his recollection, then you are going to question him concerning the contents of the report?'' Appellant's counsel stated that what the officer had heard was extrajudicial and that he could testify to it, that the report itself would not be placed in evidence. The court sustained objections to further questioning concerning the document, ruling that to permit such use would be to ac-

complish indirectly what the statute forbade to be done directly. The document was marked for identification, was not placed in evidence, nor transmitted to this court on appeal, but from the record we feel justified in assuming that the document itself was the report required by said Section 484 of the Vehicle Code, and that it had been filed as such and so had gone into the confidential files of the Department of Motor Vehicles. Upon that assumption the ruling of the court prohibiting the use of the report for the purpose intended was correct. Reports required by the Vehicle Code to be made by drivers involved in accidents resulting in injuries to or death of any person are by the express wording of the statutes privileged communications. ■ Section 488 provides that such required reports and any required supplemental report "shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department" with certain exceptions not material here. This is to say, that no prejudicial use shall be made of such reports and they shall be received and kept in confidence. To make this privilege specifically applicable to court proceedings arising out of reported accidents, the section further provides that they shall not be used as evidence in any trial, civil or criminal, so arising, again with certain exceptions not here material. How this document left the confidential files of the department and arrived in the courtroom in the possession of counsel for the appellant is not made clear by the record. But however it so arrived, its release was a betrayal of the confidence which the state required its maker to repose in the state's agencies. Had this confidence not been abused, the report would not have been in the courtroom and it would not have been available for the attempted improper use of it.

■ But even though it was a privileged communication, made so by express statutory declaration to that effect, yet the privilege is not to be extended beyond the limits set by the Legislature. The law does not require that the driver involved in an accident causing injury or death shall discuss the facts thereof with anyone, and this includes patrol officers, even though they are charged with the duty of investigation. The law does require such a driver to make or cause to be made a written report of such accident to the patrol, or if the accident occurs within a city then to the police department thereof. It is this written report so made to which the privilege extends and it extends no further. ■ If, therefore, a driver elects to be interviewed by an investigating

patrolman and to use the patrolman's good offices in getting up a written report for the patrol, those things which he states to the officer are not within the privilege any more than they would be privileged if made to anyone else. The court properly sustained objections to the attempted wrongful use of the report itself. ██ But this having been done counsel for the appellant turned to direct questioning of the officer witness, asking him if he had a conversation with respondent in the hospital. The witness said he had. He was then asked: "Did you ask him whether or not he stopped at the stop sign?" Counsel for the respondent objected that the statement sought would be part of the oral statement to the officer which found its way into the report and that to disclose it would be a violation of the privilege. The court sustained the objection. The ruling was erroneous. The fact that the reply to the question may have found its way into the report would not extend to that statement the privilege which is limited to the report itself. As we have said, the discussion with the officer was voluntary on the part of respondent, not required by statute and not covered by statutory privilege. This is true notwithstanding it was stipulated in this case that the officer went to the hospital for the purpose of procuring a report, that the oral statements made to him were contained in the report and that the report was signed by respondent. We assume that it became, when filed, the confidential report required by the code section. Nevertheless those things said in the interview with the officer, including those things which thereafter found their way into the report, were not privileged. The privilege is limited to the report itself. (*Stroud* v. *Hansen,* 48 Cal.App.2d 556, 559-560 [120 P.2d 102].) No doubt the Legislature, desiring that data concerning accidents be fully and freely reported for the use of the state required written reports from drivers involved in accidents of a serious type, and extended privilege to the reports so made to better insure that they would be made. Nevertheless the privilege so conferred is not to be extended beyond the bounds fixed by the Legislature for the reason that all such privileges tend to deny to courts the use of evidence helpful in determining the facts. Although the court erred in preventing the answer of the officer witness to the question as to what respondent had said about his having stopped at the stop sign, yet it is not so clear that prejudice flowed from the error. No offer of proof was made that respondent had admitted to the officer that he did not stop

at the stop sign. Upon that point the record showed the following when the officer was called to the stand: Respondent, called under section 2055 of the Code of Civil Procedure, had testified that he never at any time had seen the Carroll car, even up to the moment of impact, the force of which had rendered him unconscious; that he had stopped before entering the intersection and that he and his wife, who was with him, looked both ways and saw no traffic upon the intersecting road; that he then placed his car in low gear and drove his car slowly into the intersection where he was struck. He also said that he had no recollection of any conversation with the officer, nor of the making of any report because of the state of his mind resulting from the injuries he received. A motorist who was driving a short distance behind respondent had testified that respondent did not stop at the stop sign. Under such circumstances it was, of course, most material that, if respondent had knowingly and understandingly admitted to the officer that he did not stop at the stop sign, such admission be made available in evidence as a part of appellant's case. It directly affected the conclusion to be drawn by the jury as to respondent's primary negligence and also directly affected the conclusion the jury was to draw as to the contributory negligence of appellant's husband. Its admission might have furnished the turning point in the case. Usually an offer to prove a fact excluded is necessary before prejudice can be declared to have resulted from the exclusion. (*Stroud* v. *Hansen, supra.*) We think it is not true here. It was most material and relevant in this case to prove whether or not the respondent had failed to stop at the stop sign. The trial court not only sustained an objection to the specific question on this point but had indicated that it would not admit any evidence as to any statements made by the respondent which were incorporated in or made the basis for the facts set forth in the report. It is well settled "that no offer of proof is required when an entire class of evidence is excluded where the relevancy of such class of evidence is apparent." (*DiMaria* v. *Mitchell,* 112 Cal. App.2d 691, 698 [247 P.2d 60] ; *Estate of Kearns,* 36 Cal.2d 531, 537 [225 P.2d 218] ; *Westman* v. *Clifton's Brookdale, Inc.,* 89 Cal.App.2d 307, 314 [200 P.2d 814].) We think that from the whole record here it is quite apparent that had the officer been permitted to answer the question he would have testified that respondent had admitted to him that he did not stop at the stop sign. Unless a favorable response was expected,

counsel would not have posed the question. We think the exclusionary ruling constituted prejudicial and reversible error.

 Appellant contends that the court erred in not giving a requested instruction on the presumption that plaintiff's husband, killed in the accident, had been exercising due care for his own safety and protection and that such presumption was to be considered by the jury as evidence. While the court refused the instruction requested by appellant, nevertheless it gave an instruction as follows: "At the outset of this trial, each party was entitled to the presumptions of law that every person takes ordinary care of his own concerns and that he obeys the law. These presumptions are a form of prima facie evidence and will support findings in accordance therewith, in the absence of evidence to the contrary. When there is other evidence that conflicts with such a presumption, it is the jury's duty to weigh that evidence against the presumption and any evidence that may support the presumption, to determine which, if either, preponderates. Such deliberations, of course, shall be related to, and in accordance with, my instructions on the burden of proof." While the instruction might well have been made more specific in its application to the conduct of appellant's husband, nevertheless we think that it sufficiently stated the law, and error is not to be found in the refusal to give the more specific instruction requested.

 Appellant next contends the court erred in giving at respondent's request an instruction on the theory of unavoidable accident, claiming that under the evidence there was nothing to indicate anything had happened which the drivers could not control. Appellant relies on *Parker* v. *Womack*, 37 Cal.2d 116 [230 P.2d 823], but as we read that case it holds that even though the evidence is confined to matters which fail to show circumstances beyond the control of an ordinarily prudent person, yet an instruction on unavoidable accident is not error. On the authority of that case the contention here advanced cannot be sustained.

 Appellant next assigns as error the giving of an instruction in the language of Vehicle Code, section 552, concerning the duty of the driver of a vehicle to stop at the entrance to a through highway and to yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on

the through highway as to constitute an immediate hazard. The evidence we have related shows that this instruction was one which it was proper to give, the defendant being entitled to that portion of the instruction which stated that if a driver had stopped and yielded the right of way as required he could proceed and it was the duty of other vehicles approaching the intersection on the through highway to yield in turn to him. (*Gulley* v. *Daggett,* 80 Cal.App.2d 784 [182 P.2d 613].)

Finally, appellant assigns as error the giving of an instruction in the language of Vehicle Code, section 671, which section requires that every motor vehicle when operated on the highways shall be equipped with a horn in good working order which shall be sounded when reasonably necessary as an audible warning and shall not be otherwise used. Appellant's argument is that the facts did not show a horn was used, or if one had been used, the collision could or would have been avoided, and that the instruction was therefore unnecessary and confusing. However, the court further instructed the jury that a violation of a rule of the road was inconsequential unless it was a proximate cause or contributed in some degree as a proximate cause to the injuries suffered. In view of this caution, the giving of the instruction, if unnecessary, was also nonprejudicial.

The judgment appealed from is wholly reversed.

Peek, J., and Schottky, J., concurred.