[Sac. No. 5903. In Bank. July 2, 1948.]

E. H. WILCOX, Respondent, v. JESS G. BERRY et al., Defendants; VIOLET A. BERRY, Appellant.

Van Dyke & Harris, Russell A. Harris and J. A. Montgomery for Appellant.

Sumner Mering for Respondent.

EDMONDS, J.—E. H. Wilcox sued Jess G. Berry and Violet A. Berry for personal injuries assertedly sustained in an accident resulting from the operation of an automobile by Mr. Berry at a time when his codefendant was not present. Mr. Berry could not be found for service of summons, and Mrs. Berry's appeal from the judgment rendered against her presents only the question as to her liability for the damages suffered by the plaintiff.

Upon the trial the court received, over Mrs. Berry's objection, a statement assertedly made by Mr. Berry at the time of the accident to the effect that he could not stop the automobile because the brakes did not work properly. Other evidence showed that this automobile had been purchased by him and Mrs. Berry after their marriage with their combined earnings, except for a trade-in allowance of $100. It was registered in the names of "Jess B. Berry and/or Violet A. Berry" and insurance policies were issued accordingly. The Berrys' agreement as to ownership of the automobile was that each of them equally should be entitled to the use of the car and that a sale of it would require their joint consent. As an adverse witness called under section 2055 of the Code of Civil Procedure, Mrs. Berry testified that Mr. Berry generally used the

car, that she had no objection to his use of it and that such use was with her permission.

As justifying the reversal of the judgment against her, Mrs. Berry contends that the admission in evidence of Mr. Berry's statement constitutes prejudicial error; that the evidence is insufficient to support the finding of ownership of the automobile; and that the finding of operation of the automobile by Mr. Berry with the permission of Mrs. Berry, within the meaning of the Vehicle Code, is against law.

Section 402 of the Vehicle Code provides, in part, that "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages." This section has been held to apply as between joint owners (*Krum* v. *Malloy*, 22 Cal.2d 132 [137 P.2d 18]), but Mrs. Berry argues that neither a husband nor wife operates an automobile owned by them with the permission of the other within the meaning of its provisions. She declares that "there would be no more thought of consent or necessity for consent or propriety of consent in respect of the use by one of the spouses of a co-owned car than of a community owned car."

When an automobile which is community property causes injury, the wife is not liable to a party injured by the husband's negligence because the wife has no consent to give. The entire management and control of the community property is in the husband and "no consent of the wife, express or implied, in her husband's use or operation of the community automobile could add anything as a matter of law or of fact to his rights in that respect, which are already plenary and complete." (*Cox* v. *Kaufman*, 77 Cal.App.2d 449, 452 [175 P.2d 260].) But in the event that the husband and wife own the automobile jointly, and not as community property, "it is a question of fact . . . whether the operation of the automobile is with or without the consent, express or implied, of an owner who is not personally participating in such operation." (*Krum* v. *Malloy, supra,* p. 136.) Therefore, if the automobile which caused the injuries to Wilcox was jointly owned, the evidence sufficiently supports the finding of Mrs. Berry's permission for her husband to use it.

But the appellant, relying upon section 164 of the Civil Code, claims that the evidence as to ownership does not satisfy the burden of proof which the law placed upon the plaintiff to overcome the presumption that the automobile was the community property of the spouses. However, the presumption specified by the statute is that property owned by a husband and wife is community property if it was acquired by an instrument in which they are described as such persons. In the present case the uncontradicted evidence is that title to the automobile was in "Jess G. Berry and/or Violet A. Berry." The presumption is, therefore, not applicable and the evidence fully supports the finding of the trial court that the automobile was not community property.

As to Mr. Berry's statement at the time of the accident, Mrs. Berry concedes that it would be competent evidence against him, as an admission against interest. Section 1870 of the Code of Civil Procedure provides: "5. After proof of a partnership or agency, the act or declaration of a partner or agent of the party, within the scope of the partnership or agency, and during its existence [may be given upon a trial]. The same rule applies to the act or declaration of a joint owner, joint debtor, or other person jointly interested with the party." The statement was therefore admissible against Mrs. Berry, as the coowner of the car. It is, therefore, unnecessary to determine whether the statement was admissible within the spontaneous declaration rule, as held by the trial court. The evidence having been properly received against Mrs. Berry, the ground of the court's ruling is immaterial. (*Ray* v. *Borgfeldt,* 169 Cal. 253, 267 [146 P. 679]; *Davis* v. *Tanner,* 88 Cal.App. 67, 75 [262 P. 1106]; *Laiblin* v. *San Joaquin Agr. Corp.,* 60 Cal.App. 516, 538 [213 P. 529].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., and Spence, J., concurred.