[Civ. No. 17319. Second Dist., Div. Two. June 22, 1950.]

THE PACIFIC TELEPHONE AND TELEGRAPH COM-
PANY (a Corporation), Plaintiff and Appellant, v.
IRENE E. WELLMAN, Defendant and Appellant.

Lawler, Felix & Hall, Leslie C. Tupper, Leland B. Conant for Plaintiff and Appellant.

Clarence B. Runkle for Defendant and Appellant.

WILSON, J.—Action to recover the cost of repairing plaintiff's truck which was damaged in a collision with an automobile driven by Ernest L. Wellman and owned by him and defendant Irene E. Wellman. Ernest Wellman lost his life as a result of the accident.

The action was commenced in the Municipal Court of Los Angeles and because the damages resulted from the same accident as that which is the subject of *Spruce* v. *Wellman, post,* p. 158 [219 P.2d 472] No. 17320, this day decided, was transferred to the superior court and the two cases were tried together.

It is alleged in the first cause of action of the complaint that defendant Irene E. Wellman and Ernest Lee Wellman were the owners of the automobile and that Ernest Wellman was operating it as the agent of Irene Wellman. Defendant denied the allegation of agency. No evidence was introduced in support of this cause of action and the same is deemed to have been abandoned.

The second cause alleges that Ernest Wellman was operating the vehicle with the consent and permission of Irene Wellman, imputing liability to her under section 402(a)[1] of the Vehicle Code. Defendant's answer admits the automobile was owned by her and Ernest Lee Wellman, denies it was driven by the latter with her consent and permission, and denies he had operated it in a negligent manner. The answer pleads unavoidable accident, also contributory negligence on the part of Connelly, the driver of plaintiff's truck.

Upon trial before a jury a verdict was rendered in favor of plaintiff for $607, the cost of repairs to the truck, and judgment was entered against defendant for that amount. Her motion for a new trial was granted upon the ground of insufficiency of the evidence to justify the verdict and judgment. Plaintiff has appealed from the order granting a new trial. Defendant has cross-appealed from the judgment pursuant to rule 3(a) of Rules on Appeal (22 Cal.2d 2), which appeal, in veiw of the determination of plaintiff's appeal, will be dismissed.

---

[1]Section 402(a) reads: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed-to the owner for all purposes of civil damages."

The order granting a new trial for insufficiency of the evidence is justified for two reasons:

 1. The burden of affirmatively proving permissive use is on plaintiff. (*Henrietta* v. *Evans,* 10 Cal.2d 526, 528 [75 P.2d 1051]; *Barcus* v. *Campbell,* 90 Cal.App.2d 768, 773 [204 P.2d 65].) For the reasons presently to be stated the burden was not sustained. There are two factors or elements in section 402(a) both of which must be present and proved in order that a person other than the driver of a vehicle be held responsible for damages resulting from negligence in the operation of the vehicle: (1) It must have been owned at the time of the accident by such person, and (2) it must have been operated with the permission, express or implied, of such owner. (*Krum* v. *Malloy,* 22 Cal.2d 132, 134 [137 P.2d 18].) Each factor is as important as the other. The answer admits ownership in defendant and her husband but there is no evidence as to whether defendant's interest in the car was her separate property or community property of herself and her husband. The only evidence as to title is a photostatic copy of the registration certificate issued by the Department of Motor Vehicles showing registration in the names of Ernest Lee Wellman and Irene E. Wellman. There is nothing in the provisions of the Vehicle Code cited by plaintiff[2] requiring the registration certificate to indicate the character of ownership, whether separate or community property, and the certificate in this action does not so show.

Had the automobile been community property defendant would not have been liable for the damages, since her husband had the management and control of all community property and she had no consent to give; her actually expressed consent, if given, would not have added to his rights which were already plenary and complete. (*Wilcox* v. *Berry,* 32 Cal.2d 189, 191 [195 P.2d 414]; *Cox* v. *Kaufman,* 77 Cal.App.2d 449, 451-2 [175 P.2d 260].) The presumption that property acquired by a married woman is her separate property applies only to that which is acquired "by an instrument in writing." (Civ. Code, § 164; *Estate or Walsh,* 66 Cal.App.2d 704, 707 [152 P.2d 750]; *Fennell* v. *Drinkhouse,* 131 Cal. 447, 451 [63 P. 734, 82 Am.St.Rep. 361].) But where there is no evidence of a transfer by a writing the implication is that the property is community property. (*Estate of Walsh, supra,* at p. 708.)

---

[2]Sections 66, 67, 68, 140, 152, 153.

The case of *Caccamo* v. *Swanston*, 94 Cal.App.2d 957 [212 P.2d 246], does not sustain plaintiff's contention as to defendant's liability. The court first stated (p. 963) that if the car were community property the wife's consent to her husband's using it could not be required, she could not prevent his driving it, and therefore she would not be liable for his negligence, citing *Cox* v. *Kaufman*, *supra*. The evidence showed that the car had been purchased by the husband, the certificate of ownership was issued to him as registered owner and a finance company as legal owner. When the indebtedness to the finance company was paid the ownership certificate was delivered to the husband; he and his wife signed it and sent it to the Department of Motor Vehicles for transfer of ownership. The new certificate issued by the department showed the husband and wife as legal owners. As pointed out (p. 964) the husband brought into being "an instrument in writing" evidencing title in himself and his wife which satisfied the requirement of section 164 of the Civil Code and raised the presumption that the wife's interest was her separate property. No such proof appears in the instant case. There is no evidence that defendant's interest in the automobile was acquired by an instrument in writing, and there is therefore no presumption that her interest was her separate property. ■ The certificate of registration is not "an instrument in writing" by which a person acquires title.

■ 2. The evidence concerning the accident was so conflicting that the discretion of the court in granting a new trial cannot be disturbed.

The collision occurred about 6:39 in the morning at the intersection of Eighth Street and Harvard Boulevard in Los Angeles. Eighth Street extends easterly and westerly and is crossed by Harvard at right angles. The weather was clear at the time. Connelly, the driver of plaintiff's truck, was traveling westerly on Eighth Street and Wellman southerly on Harvard Boulevard. Connelly testified that the signal on Eighth Street turned from red to green when he was 150 feet east of the intersection and that his speed at the time was 25 miles an hour. It was stipulated that the green signal remained for 36 seconds. ■ In a conversation at the scene of the accident a few minutes after its occurrence Connelly told a police officer that the signal must have changed to red as he went through the intersection, and that he probably was at fault. Plaintiff argues that Connelly was injured and

was not capable of making an accurate statement at the time, but the officer testified that while Connelly appeared nervous and excited he was walking around the scene of the wreck showing the officers the direction of travel and the place where the accident happened. Connelly's extrajudicial statement to the officer was evidence not limited to the purpose of impeachment but as an admission against interest. (*Card* v. *Boms*, 210 Cal. 200, 204 [291 P. 190].)

A motorman who was operating a streetcar westerly on Eighth Street testified that plaintiff's truck was from 40 to 60 feet east of Harvard when the signal changed from red to green; that it was at least five seconds and possibly more between the time when the signal changed and the collision; that the speed of the truck was between 25 and 30 miles an hour. Computation based on Connelly's testimony or the motorman's will show that if either correctly estimated speed and time plaintiff's truck would have been past the intersection at the end of five seconds. The motorman testified at the coroner's inquest over Mr. Wellman's body that he did not see the truck until the moment of the impact; at the trial he stated he thought he had been confused at the inquest. ██ Nevertheless, the court had a right to consider the inconsistencies in his testimony in ruling on the motion for the new trial.

██ The court also had before it Connelly's testimony that he arrived at his place of work on Lake Street near Fifth at 6 o'clock, where he took his truck and drove to the main post office north of the Union Station, returned to the Lake Street garage, then went to an office on Wilshire Boulevard near Vermont Avenue, drove to the post office on Vermont Avenue north of Sixth Street and returned to the Wilshire Boulevard address. At each point he parked his truck, went into a post office or an office, delivered mail, unlocked boxes and picked up mail. From the Wilshire Boulevard address he traveled to the point of the accident, which took place at 6:39 a. m. Deducting the time spent at each stopping place, which according to his testimony totaled about 16 minutes, he would have been actually traveling 23 minutes from the time he left the garage until the time of the collision. The court had a right to consider these facts in connection with the evidence of Connelly and the motorman concerning the speed of plaintiff's truck at the time of the accident.

██ Defendant was entitled to the presumption that her husband exercised reasonable care, which includes the pre-

sumption that he obeyed the traffic laws. (*Smellie* v. *Southern Pacific Co.*, 212 Cal. 540, 548 [299 P. 529] ; *Stealey* v. *Chessum*, 123 Cal.App. 446, 449 [11 P.2d 428] ; *Bennett* v. *Kings County*, 124 Cal.App. 147, 153 [12 P.2d 47].) This presumption is evidence and is sufficient to create a conflict with the testimony produced at the trial.

Plaintiff has advanced an argument that is not only unique and novel but finds no support in the authorities, to wit, the evidence was "inherently probable," it was sufficient to sustain the verdict in favor of plaintiff, and therefore it was error for the trial court to grant a new trial. Contrary to plaintiff's contention in this regard, these rules are applicable in considering the appeal from the order granting the motion for a new trial: ▓ (1) An order granting a new trial on the ground of insufficiency of the evidence to sustain the judgment will not be disturbed upon appeal unless there be a clear showing that the trial court abused its discretion; ▓ (2) even if the evidence is uncontradicted the trial judge may draw inferences from it contrary to those made by the jury, and it is his duty to resolve such conflicts in determining whether the issues should be retried, (*Williams* v. *Field Transportation Co.*, 28 Cal.2d 696, 698 [171 P.2d 722] ; *Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 359 [170 P.2d 465]) ; ▓ (3) if there is any substantial conflict in the evidence the order granting a new trial on the ground of insufficiency of the evidence will be affirmed (*Ballard* v. *Pacific Greyhound Lines, supra*) ; ▓ (4) upon appeal from an order granting a new trial all presumptions favor the order as against the verdict. (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338].)

Applying the foregoing rules to the evidence we find no reason for interfering with the order.

One William Webster Bentley was riding in the Telephone Company's truck and was injured in the accident. He filed an action for damages against Irene Wellman to recover for his injuries. His action, the case of *Spruce* v. *Wellman* decided concurrently herewith (*post*, p. 158 [219 P.2d 472]), and the instant case were consolidated and tried together. A verdict and judgment were rendered in favor of Bentley against Mrs. Wellman. She made a motion for a new trial on all statutory grounds (Code Civ. Proc., § 657), which was denied.

Defendant has filed in this court a certified copy of her notice of intention to move for a new trial and of the minute

158

order denying the motion and requests that we take judicial notice thereof. The evidence applied to all three cases. The telephone company contends that since, by denying Mrs. Wellman's motion for a new trial in the Bentley case, the court in effect held that the accident was caused by Mr. Wellman's negligence in entering the intersection against the red signal and recognized that the evidence was sufficient to show that the accident was the result of his negligent driving, the same ruling should have been made in the case now before us. No appeal was taken from the judgment in the Bentley case and we have no means of ascertaining what motivated the court in denying the motion for a new trial in his case and at the same time granting the motion in the instant case.

 Our ruling on this appeal must be on the record before us and is not affected by any question with reference to the possible inconsistency of the rulings of the court on the respective motions for new trial in the instant case and in the Bentley case. Whatever may have been the court's reasons for the two orders, they are concealed from us by the absence of the record in the latter action.

The order granting a new trial is affirmed. Defendant's appeal from the judgment is dismissed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied July 12, 1950. McComb, J., voted for a rehearing.

Plaintiff and appellant's petition for a hearing by the Supreme Court was denied August 17, 1950.