[Civ. No. 8565.   Third Dist.   Mar. 28, 1955.]

WILLIAM B. McCRANIE, Respondent, v. ELLERY EVERETT MOOREHEAD, Appellant.

Schofield & Hannegan for Appellant.

Mitchell & Henderson for Respondent.

VAN DYKE, P. J.—This is an appeal from the order granting a new trial on the ground that the evidence was insufficient to sustain the verdict in favor of the defendant in an action brought by respondent to recover damages for personal injuries sustained when the automobile in which he was riding came into collision with that being driven by defendant and appellant. Respondent's wife was killed in the accident. She was driving a car in which respondent was riding. This car was registered in the names of respondent and of his wife and the two were en route to Nebraska to visit one of their children. They had journeyed from Eureka to Lucerne in Lake County, at which latter location the accident occurred. Respondent testified that while the car was so registered in both names his wife generally did the driving, that she had been driving from the time they started their journey at Eureka until they arrived at Lucerne and that she drove with his permission. Respondent and the children of the couple filed a second action in which they sought as heirs to recover damages from appellant for the wrongful death of the wife and mother. The two actions were consolidated for trial and the jury in both cases returned verdicts in favor of the defendant. Motions for new trial were made in both actions and the trial judge denied the motion for new trial in the death case, but granted the motion for new trial in the respondent's personal injury action. From that order this appeal was taken. The plaintiffs in the death action did not appeal from the judgment that they take nothing from defendant by reason of that action.

The evidence as to what occurred when the two cars came together was conflicting, but it appears without conflict that the cars collided while respondent's wife was driving their car in a passing maneuver. It also appears without conflict

that appellant intended to turn left and enter an intersecting street, that he made some movement to do this, and that it was during this period of time that the collision occurred; further that after the collision respondent's car went diagonally across the road to its left, across the intersection, and up over a curb where it struck a power pole. Respondent testified that just before the collision he had not been looking down the road ahead of them and only saw appellant's automobile as his wife was passing or was about to pass it, at which time appellant's automobile headed toward them and struck their car near the front on the right side. At that time he said their car was going about 30 miles an hour. Another witness, a 12-year old schoolboy, testified that he saw the collision, that the cars were moving at nearly the same rate of speed, with the respondent's car moving faster than the appellant's car, but neither going fast; that as the respondent's car pulled alongside the appellant's car the latter car pulled right into it and stopped and the other car went on into the power pole. Appellant testified that as he drove along approaching the intersection, where he intended to turn, he had his hand out to indicate he intended to turn, he had looked back and saw no car following, that his companion shouted to him and he again looked into the rear view mirror and saw respondent's car about 100 feet back of him and coming at 40 to 50 miles an hour, so that he straightened up and attempted to get out of the way. He said he was going about 15 miles an hour. His companion gave similar testimony.

The jury's two verdicts must have been based upon a finding either that appellant was without negligence or that if negligent respondent's wife was contributorily negligent. ■ Under the facts any contributory negligence of respondent's wife was imputable to him and would bar his recovery in his personal action. (*Krum* v. *Malloy,* 22 Cal.2d 132 [137 P.2d 18]; *Milgate* v. *Wraith,* 19 Cal.2d 297 [121 P.2d 10]; *Wilcox* v. *Berry,* 32 Cal.2d 189 [195 P.2d 414].) Her contributory negligence would likewise bar her heirs in the death action. ■ In view of the conflict in the testimony, the question of the negligence of each driver was for the jury, and the evidence being much in conflict the record presents a case where the trial court on motion for new trial could, without abuse of discretion, have either granted or denied a new trial in each case. As to the case on appeal, the trial judge granted the motion for new trial and it cannot

be said from this record that in doing so he committed error.

■ Appellants argue that the negligence of respondent's wife was shown as a matter of law because it was shown that she was attempting to pass appellant's car within 100 feet of an intersection in violation of section 530 of the Vehicle Code, and that her driving violated sections 510 and 512 of that code. However, it does not appear as a matter of law that she was violating any of the three sections referred to, and the trial court as to the alleged violations of any or all of these sections could act within the limits of his discretion in granting or denying new trials.

■ Appellant argues that not only does the record show that respondent's wife was guilty of contributory negligence, but further that the trial court so ruled when it denied the motion for new trial in the death action. However, it is not material on this appeal that the trial judge might have granted a new trial in the death action or that the trial judge's order denying a new trial in that action is inconsistent with its order granting a new trial in the respondent's personal injury suit. If we assume such inconsistency to exist, we could not for that reason disturb the proper order of the trial court granting a new trial in respondent's suit.

The order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.