[Civ. No. 22728. Second Dist., Div. Two. July 8, 1958.]

THELMA RODY, Appellant, v. HAROLD L. WINN, Respondent.

Lionel T. Campbell for Appellant.

Jarrett & Morgan and William Marshall Morgan for Respondent.

HERNDON, J.—Plaintiff appeals from a judgment of nonsuit in favor of defendant Harold Winn. Plaintiff suffered personal injuries when her car was struck from the rear by a certain Buick automobile being driven by Margaret Winn, Harold's wife. Plaintiff joined Harold and Margaret as defendants, alleging that they were ''the registered and legal owners'' of said Buick automobile, and that at the time of the accident Margaret was operating it ''with the knowledge and consent of her co-defendants.'' By their answer defendants admitted that they were husband and wife and that Margaret was the owner of the Buick but denied ownership in Harold.

Plaintiff examined the defendants under section 2055 of the Code of Civil Procedure. Harold testified that the Buick was purchased by him in 1950 with cash derived from his wages earned after his marriage to Margaret; that he drove the car occasionally; that from the date of purchase the car was registered in his wife's name as registered owner; and that he did not recall any conversation or written agreement with his wife with respect to its ownership.

Margaret testified that she owned the Buick and that it was registered in her name; that at the time of the accident she was driving the automobile with her sister and the defendants' two children as her passengers; that she had picked up the children at school, and that they were on their way home at the time of the accident.

After plaintiff had rested, a motion for a nonsuit was made on behalf of defendant Harold on the ground that the evidence was insufficient to show that Harold was the owner, or an owner, of the car. After argument in chambers, but before the court ruled on the motion, plaintiff moved to reopen her case for the purpose of introducing additional evidence which would tend to prove that the defendants were coowners of the Buick, or that it was their community property. Plaintiff's counsel informed the court that since plaintiff's case had been

rested, he had been informed that the defendants, in obtaining insurance coverage on the car, had represented to the insurance company that they were coowners, and that on such representation, the insurance company had insured them as coowners. Counsel declared that if permitted he would further interrogate the defendant Harold concerning the representations of ownership made by him to the insurance.company, and concerning other acts of dominion and control which would tend to prove Harold's ownership. Counsel urged that this additional evidence would supply the basis for an inference either that the car was community property or that the defendants were coowners. Plaintiff's motion to reopen was denied, and the motion for nonsuit was granted. The case proceeded to trial against Margaret alone, and the jury rendered a verdict in favor of plaintiff against Margaret in the sum of $1,062.50.[1]

 Plaintiff contends on this appeal that the trial court erred in granting the nonsuit because there was sufficient evidence to support inferences that Harold was an owner of the Buick and that his wife was driving it with his permission and as his agent. Plaintiff further contends that the trial court erred in denying her motion to reopen for the purpose of supplying the claimed deficiency in her proof asserted as the ground for the nonsuit.

In considering the propriety of the nonsuit, we must accept the evidence most favorable to plaintiff and disregard that which is unfavorable. The testimony of the defendants given under section 2055 is to be treated as evidence in the case insofar as it is favorable to plaintiff. (*Crowe* v. *McBride,* 25 Cal.2d 318, 319 [153 P.2d 727]; *Leonard* v. *Watsonville Community Hospital,* 47 Cal.2d 509, 517 [305 P.2d 36].) "On appeal from a judgment of nonsuit the evidence most favorable to the plaintiff must be assumed to be true and every reasonable inference in plaintiff's favor drawn therefrom." (*Onick* v. *Long,* 154 Cal.App.2d 381, 386 [316 P.2d 427]; *Hughes* v. *Oreb,* 36 Cal.2d 854, 857 [228 P.2d 550]; *Holtz* v. *United Plumbing & Heating Co.,* 49 Cal.2d 501, 505 [319 P.2d 617].) It is also a settled rule that before a nonsuit is granted a plaintiff must be allowed a reasonable opportunity to supply any deficiency in his proof pointed out in the motion for the nonsuit. (*Eatwell* v. *Beck,* 41 Cal.2d 128, 133 [257 P.2d 643]; *Hellings* v. *Wright,* 29 Cal.App. 649, 656 [156 P. 365];

---

[1] It is stated in appellant's opening brief that an appeal from the judgment on this verdict is being perfected.

*Sferlazzo* v. *Oliphant,* 24 Cal.App. 81, 86 [140 P. 289]; 16 Cal.Jur.2d 204, § 43.)

█ Accordingly, we may assume, without deciding, that the claimed defect in plaintiff's prima facie case against Harold existed at the time the motion was made. We have no hesitancy in holding, however, that if the evidence actually received had been augmented by that which plaintiff offered to introduce, there would have been ample support for an inference that Harold had rights of ownership in the Buick.

█ A certificate of registration does not necessarily or conclusively establish true ownership; a different ownership may be shown for the purpose of establishing liability under the provisions of section 402 of the Vehicle Code. (*Logan* v. *Serpa,* 91 Cal.App.2d 818, 822 [206 P.2d 70]; *McCalla* v. *Grosse,* 42 Cal.App.2d 546, 549-550 [109 P.2d 358]; *Maguire* v. *Corbett,* 119 Cal.App.2d 244, 251 [259 P.2d 507]; *Sayles* v. *Peters,* 11 Cal.App.2d 401, 405-407 [54 P.2d 94].)

█ It is generally presumed that property acquired by either spouse during marriage is community property. (*Falk* v. *Falk,* 48 Cal.App.2d 762, 767 [120 P.2d 714]; *Newell* v. *Brawner,* 140 Cal.App.2d 523, 526 [295 P.2d 460].) █ And it has been held that an automobile acquired during marriage is presumed to be community property notwithstanding that it is registered in the wife's name. (*Estate of Inman,* 148 Cal.App.2d 952, 957 [307 P.2d 953].) The certificate of registration is not an "instrument in writing" by which title is acquired. (*Pacific Tel. & Tel. Co.* v. *Wellman,* 98 Cal.App.2d 151, 155 [219 P.2d 506]; *Estate of Inman, supra,* 148 Cal. App.2d 952, 957.) █ A presumption favorable to a plaintiff cannot be "dispelled by the testimony of a defendant given pursuant to section 2055 because a defendant called under that section is not treated as the plaintiff's witness." (*Leonard* v. *Watsonville Community Hospital,* 47 Cal.2d 509, 517 [305 P.2d 36]; *Smellie* v. *Southern Pac. Co.,* 212 Cal. 540, 559 [299 P. 529].)

In the present case, if the Buick was community property, the defendant Harold was an "owner" within the meaning of Vehicle Code, section 402 (*Dorsey* v. *Barba,* 38 Cal.2d 350, 353 [240 P.2d 604]) and he having the exclusive right to management and control of the vehicle (*Wilcox* v. *Berry,* 32 Cal.2d 189, 191 [195 P.2d 414]; *Cox* v. *Kaufman,* 77 Cal.App.2d 449, 451-452 [175 P.2d 260]), the jury could have found that Margaret was driving the car with his permission, express or

implied. (*Cf. Caccamo* v. *Swanston,* 94 Cal.App.2d 957 [212 P.2d 246]; *Carroll* v. *Beavers,* 126 Cal.App.2d 828, 834 [273 P.2d 56].)

■ The provisions of section 402 of the Vehicle Code imputing to an owner the negligence of a permissive user apply as between husband and wife where it is established that they are coowners or joint owners. (*Wilcox* v. *Berry,* 32 Cal.2d 189, 191 [195 P.2d 414]; *Caccamo* v. *Swanston,* 94 Cal.App. 2d 957, 963, 967 [212 P.2d 246]; *Krum* v. *Malloy,* 22 Cal.2d 132, 135 [137 P.2d 18].) It is stated in the decision last cited that "In the absence of other evidence upon the issue, an inference normally would arise, upon proof of co-ownership and use of personal property by one co-owner, that such usage was lawful and with the consent of the absent co-owner, . . ."

■ The wife's negligence in the operation of an automobile owned by the husband may be imputed to the husband on the theory of agency where her use was with his permission. (*Perry* v. *McLaughlin,* 212 Cal. 1, 14 [297 P. 554]; *DeArmond* v. *Turner,* 141 Cal.App.2d 574 [297 P.2d 57]; *Irvine* v. *Wilson,* 137 Cal.App.2d Supp. 843 [289 P.2d 895].) ■ As stated in *Perry* v. *McLaughlin, supra,* 212 Cal. 1, 14, "[w]here proof is made that the car in question was owned by the husband, and was being operated by the wife at the time of the accident, with his express consent and permission, there is created a *prima facie* case authorizing an inference by a court or jury, in the absence of substantial proof to the contrary. that the wife was using the car as the agent of the husband." (See also 7 Cal.Jur.2d 196, § 324.)

The judgment of nonsuit is reversed.

Fox, P. J., and Ashburn, J., concurred.