[L. A. No. 27129.   In Bank.   May 29, 1963.]

MARGARET B. COOKE, Plaintiff and Appellant, v. ANN TSIPOUROGLOU et al., Defendants and Respondents.

Oshman & Brownfield and Burton Marks for Plaintiff and Appellant.

Schell & Delamer and Fred B. Belanger for Defendants and Respondents.

GIBSON, C. J.—Plaintiff brought this action for damages for injuries suffered when the automobile in which she was riding, driven by her husband, Jack Cooke, collided with an automobile owned by one of the defendants and driven, with permission of the owner, by the other defendant. The trial court, sitting without a jury, found that negligence of each of the drivers was a proximate cause of the collision and, on the basis of a finding that the automobile in which plaintiff was riding was owned by plaintiff and her husband "jointly" but not as community property, concluded that the negligence of her husband was imputable to her and barred her recovery. Plaintiff has appealed from the ensuing judgment for defendants.

When plaintiff and her husband purchased the automobile their application for transfer of registration was made on an official form of the Department of Motor Vehicles, and on the same form was a release of ownership signed by the previous owner. The new certificate of ownership listed the "registered owner" as "Cooke Jack or Margaret."

Section 17150 of the Vehicle Code (formerly subdivision (a) of section 402) provides: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation

of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.''

The decisions applying this provision to situations involving multiple owners of a vehicle have made no distinction between joint tenants and tenants in common, whether or not they are husband and wife, and as to both of these types of ownership have uniformly held that the negligence of one of the owners who was driving the automobile is to be imputed to the other owner if the latter gave permission to drive. (*Wilcox* v. *Berry,* 32 Cal.2d 189, 191 [195 P.2d 414]; *Krum* v. *Malloy,* 22 Cal.2d 132, 134 et seq. [137 P.2d 18]; *Mooren* v. *King,* 182 Cal.App.2d 546, 552 [6 Cal.Rptr. 362]; *Rody* v. *Winn,* 162 Cal.App.2d 35, 40 [327 P.2d 579]; *Caccamo* v. *Swanston,* 94 Cal.App.2d 957, 963, 966-967 [212 P.2d 246].)

The existence of such permission is a question of fact and is not necessarily established by proof of the co-ownership. (*Krum* v. *Malloy, supra,* 22 Cal.2d 132, 135-136.)

Although most of these decisions dealt with the liability of a co-owner to a third person on the basis of imputed negligence, the principles involved are equally applicable to the question whether imputed negligence may preclude the co-owner from recovering against the third person. (Cf. *Milgate* v. *Wraith,* 19 Cal.2d 297, 299 et seq. [121 P.2d 10]; *Spendlove* v. *Pacific Electric Ry. Co.,* 30 Cal.2d 632, 633-634 [184 P.2d 873].)

The courts have recognized one exception to the general rule applicable to multiple owners of a motor vehicle, holding that where the *husband* drives a *community property* automobile, his negligence may not be imputed to his wife whether or not she has consented to his operation of the automobile. (*Shepardson* v. *McLellan, ante,* pp. 83, 87 [27 Cal.Rptr. 884, 378 P.2d 108]; *Lawson* v. *Lester,* 191 Cal.App.2d 34, 36 [12 Cal.Rptr. 368]; *Pacific Tel. & Tel. Co.* v. *Wellman,* 98 Cal.App.2d 151, 154 [219 P.2d 506]; *Cox* v. *Kaufman,* 77 Cal.App.2d 449, 452-453 [175 P.2d 260]; see *Wilcox* v. *Berry, supra,* 32 Cal.2d 189, 191.) The theory is that, because the husband has the entire management of the community property, the wife has no consent to give and no consent by her could add anything to his right. Although the distinction based upon the husband's statutory right of management may not be entirely realistic, the rules are well settled.

■ The principles discussed above were not altered by the addition of section 163.5 to the Civil Code in 1957, which provides: "All damages, special and general, awarded a married person in a civil action for personal injuries, are the separate property of such married person." This section abrogated a rule previously followed by the courts (*Kesler* v. *Pabst,* 43 Cal.2d 254, 256 et seq. [273 P.2d 257]; see *Basler* v. *Sacramento Gas & Elec. Co.,* 158 Cal. 514, 518 [111 P. 530, Ann. Cas. 1912A 642]) that a wife was barred from recovery for personal injuries in an action against a third person where her husband was guilty of contributory negligence. The former rule, however, unlike the principles derived from section 17150 of the Vehicle Code, was not dependent upon ownership of property but rather upon the community character of the wife's tort action under the law then existing, and the fact that section 163.5 terminated the community status of the wife's cause of action for personal injuries does not indicate an intent to also preclude imputation of negligence on the basis of permission to drive given by one ·joint tenant or tenant in common to another.

■ It is clear that the automobile was not owned by plaintiff and her husband as joint tenants. Such a tenancy in personal property may be created only by a "written transfer, instrument, or agreement," and it must be "expressly declared in the . . . transfer to be a joint tenancy." (Civ. Code, § 683; *California Trust Co.* v. *Bennett,* 33 Cal.2d 694, 697-698 [204 P.2d 324] [applying the rule to husband and wife].) There was no writing expressly declaring a joint tenancy, and the word "or," which appears between the names of the purchasers in the registration documents, cannot properly be interpreted as an expression of such a declaration.[1] With the possibility of a joint tenancy thus eliminated and since there is no claim that partnership property was involved, it necessarily follows that the automobile was either community property or property held by tenants in common. (Civ. Code, § 682.[2])

---

[1] In one instance, namely, as to federal bonds, it is provided by statute that registration in the names of two persons "as co-owners in the alternative" shall create a right of survivorship. (Civ. Code, § 704.) There is nothing to indicate, however, that this special statutory rule for federal bonds was intended to have any effect upon the interpretation of documents relating to other property.

[2] Section 682 of the Civil Code provides: "The ownership of property by several persons is either 1. Of joint interests; 2. Of partnership interests; 3. Of interests in common; 4. Of community interest of husband and wife."

Plaintiff and her husband testified that the automobile was owned by them, that it was purchased out of community funds, and that it was their only car. Her husband testified that his intention was that it be community property and, when asked how he "took title" to it, replied, "We put it in our name, my wife and I." In opposition to this testimony, as we shall see, is the presumption in section 164 of the Civil Code that plaintiff took her interest in the automobile as a tenant in common.

Section 164 of the Civil Code provides in part: ". . . all other personal property [i.e., personal property not defined as separate property] wherever situated acquired during the marriage by a married person while domiciled in the State is community property; but whenever any real or personal property, or any interest therein or encumbrance thereon, is acquired by a married woman by an instrument in writing, the presumption is that the same is her separate property, *and if acquired by such married woman and any other person the presumption is that she takes the part acquired by her, as tenant in common, unless a different intention is expressed in the instrument*; except, that when any of such property is acquired by husband and wife by an instrument in which they are described as husband and wife . . . the presumption is that such property is the community property of said husband and wife. . . ." (Italics added.)[3]

This case does not come within the community property exception in section 164 relating to property "acquired by husband and wife by an instrument in which they are described as husband and wife," because there was no instrument containing such a description. The only other portion of the section referring to community property is the general provision concerning property acquired after marriage by either husband or wife, but it is obvious that the application of this provision is limited by the specific presumptions subsequently set forth in the section. There is a specific presumption that whenever property is acquired by a married woman and any other person by "an instrument in writing" she takes the part acquired by her "as tenant in common, unless a different intention is set forth in the instrument." The transfer of the automobile to plaintiff and her husband came within the meaning of the words "ac-

---

[3] At the time of the transaction involved here the language of section 164 was somewhat different, but the differences are immaterial.

quired by such married woman and any other person." We must next determine, therefore, whether the registration documents, considered together, constituted an instrument in writing by which plaintiff and her husband acquired title to the automobile and whether they contained anything showing that a tenancy in common was not intended.

Section 5600 of the Vehicle Code provides: "No transfer of the title or any interest in or to a vehicle registered under this code shall pass, and any attempted transfer shall not be effective, until" the parties fulfill certain requirements relating to change of registration of a vehicle such as endorsement of the certificate of ownership and the registration card and delivery to the department of these documents together with an application for transfer of registration. Compliance with this section is essential to the transfer of title. (Cf. *Parke* v. *Franciscus,* 194 Cal. 284, 290 et seq. [228 P. 435].) It was pointed out in *Parke* that the purpose of the provisions was to afford a more certain indicia of ownership than mere possession for the protection of the public with respect to accidents, violations of law, and fraud upon innocent purchasers. (194 Cal. at p. 292.)  In *Wilcox* v. *Berry,* 32 Cal.2d 189, 191-192 [195 P.2d 414], this court relied upon the registration of an automobile in the names of "Jess G. Berry and/or Violet A. Berry" in sustaining a finding that the automobile was not community property and in holding inapplicable the statutory presumption that property acquired by an instrument in which the persons were described as husband and wife is community property. And in *Caccamo* v. *Swanston,* 94 Cal.App.2d 957, 963 et seq. [212 P.2d 246], it was held that title passes by compliance with the Vehicle Code requirements and that such compliance brings into being "an instrument in writing" within the meaning of the tenancy-in-common presumption set forth in section 164 of the Civil Code.

We conclude that the registration documents executed and filed with the Department of Motor Vehicles with respect to the automobile acquired by plaintiff and her husband constituted a sufficient instrument in writing to permit application of that presumption. The following decisions are disapproved insofar as they are inconsistent with this conclusion: *Lawson* v. *Lester,* 191 Cal.App.2d 34, 37 [12 Cal.Rptr. 368]; *Rody* v. *Winn,* 162 Cal.App.2d 35, 39 [327 P.2d 579]; *Estate of Inman,* 148 Cal.App.2d 952, 957 [307 P.2d 953];

*Pacific Tel. & Tel. Co.* v. *Wellman,* 98 Cal.App.2d 151, 154-155 [219 P.2d 506].

We are also of the view that the instrument by which plaintiff and her husband acquired title to the automobile did not contain anything which would indicate that a tenancy in common was not intended. The use of the word ''or'' between the names of purchasers of property is inappropriate to the creation of either a tenancy in common or community ownership, and it is of no aid in determining whether the parties intended to provide for one of these forms of ownership as distinguished from the other. It may be noted in this connection that a regulation of the Department of Motor Vehicles (Cal. Admin. Code, tit. 13, § 537) provides that if a vehicle ''is registered to 'John and/or Mary Doe,' or to 'John or Mary Doe,' either person has the complete power of disposing of the entire ownership of the vehicle. . . .'' As used in this provision the word ''or'' does not concern character of ownership but, rather, power to sell regardless of title.

Although there was a conflict between the tenancy-in-common presumption contained in section 164 and the testimony of plaintiff and her husband tending to show that the automobile was community property, the presumption nevertheless remained in the case as evidence. (Cf. *Scott,* v. *Burke,* 39 Cal.2d 388, 394-399 [247 P.2d 313] ; *Sadberry* v. *Griffiths,* 191 Cal.App.2d 610, 614 [12 Cal.Rptr. 773].) The trial court resolved the conflict in favor of defendants, finding that the automobile was not community property, and we are bound by this determination. Accordingly, the community property exception to the imputed negligence rule is not controlling here. There is no contention that the husband was driving without plaintiff's consent, and under the circumstances his negligence was properly imputed to her.

Further legislation with respect to the transfer and ownership of automobiles by married persons would appear to be desirable since the existing statutory presumptions relating to such persons appear to be inappropriate. It is entirely possible that plaintiff and her husband believed their automobile was community property or was held in joint tenancy with right of survivorship. Special legislation was found necessary to overcome difficulties arising with respect to multiple holders of bank deposits and safe deposit boxes (Fin. Code, § 852; Civ. Code, § 683.1), and the rules relating

to vehicle ownership by multiple owners likewise appear in need of clarification.

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek J., concurred.

Appellant's petition for a rehearing was denied June 26, 1963.