227 A.2d 581.

NANCY ANN GAIPO *vs.* EUGENE T. GAIPO.

MARCH 24, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This civil action against Eugene T. Gaipo, a resident of the state of California, was commenced in the superior court on March 19, 1966 to recover an alleged debt of $3,500. Service of process on the defendant was made

at his residence in California by mail and attachments were placed against whatever personal estate he might have in the hands or possession of James E. Bowes, a resident of this state, and The Aetna Casualty & Surety Company, a foreign corporation having an office in this state. The defendant appeared specially and moved to dismiss the cause on the ground that the court had not acquired jurisdiction over him. The motion was granted and this appeal followed.

The plaintiff, once the wife of defendant but long since divorced from him, claims that the attachments against Bowes and Aetna gave the court in rem jurisdiction. Those attachments were against whatever interest defendant might have in an uncollected judgment obtained on March 18, 1966 by his present wife, June, also a resident of California, against the garnishee Bowes in the United States district court for the district of Rhode Island. Aetna admits in its garnishee's affidavit that it insures Bowes for the claim asserted in the federal action and states that it will pay any final judgment against him in those proceedings up to the policy limits.

If there is jurisdiction, it can only be by virtue of the attachments. That is conceded. The plaintiff's theory is that defendant had an interest in the judgment obtained by his wife, June, under the community property system which she says in her brief and in her oral argument prevails in California. She asks us to take judicial notice of the law of that state. The fault with her theory is obvious. In order for her to derive any benefits which might accrue to her under California law, it was incumbent that she either plead or otherwise give defendant reasonable notice of her intention to invoke that law. Such notice was a prerequisite to her request that judicial notice be taken of the foreign law; in its absence the law of this state applies. *Cliff* v. *Pinto,* 74 R. I. 369. The community property con-

cept is not observed in this state and under our law defendant obviously has no attachable interest in the judgment obtained by his wife against the garnishee Bowes.

Moreover, even if we were to take judicial notice of the law of California, it would be of no avail to plaintiff because, as defendant points out in his brief and, indeed, as plaintiff conceded in oral argument, the statutory law in that state is that "All damages, special and general, awarded a married person in a civil action for personal injuries, are the separate property of such married person." California Civil Code, 1961, §163.5; *Lichtenauer* v. *Dorstewitz,* 19 Cal. Rptr. 654, 200 Cal. App.2d 777; *Cooke* v. *Tsipouroglou,* 31 Cal. Rptr. 60, 381 P.2d 940; *Wilkins* v. *Sawyer,* 232 Cal. App. 2d 458, 42 Cal. Rptr. 817.

We do not reach the question, also briefed by the defendant, of whether the service of trustee process upon Bowes and Aetna, prior to the expiration of the period within which an appeal could have been taken from the judgment, gave it that degree of finality which made it susceptible to garnishment within the rule of *Cappelli* v. *Wood,* 27 R. I. 411.

The plaintiff's appeal is denied and dismissed, and the case is remitted to the superior court.

*Abraham Goldstein,* for plaintiff (appellant).

*William G. Gilroy,* for defendant (appellee).