[Civ. No. 8652.   Fourth Dist., Div. Two.   May 28, 1968.]

ADA HOOPER, Plaintiff and Appellant, v. JOHN ROMERO, JR., et al., Defendants and Respondents.

Young, Prenner & Hews and William F. Byrnes for Plaintiff and Appellant.

McCray & McCray and W. P. McCray for Defendants and Respondents.

KERRIGAN, Acting P. J.—This accident occurred on March 12, 1964, on Fairview Road immediately north of Newport Boulevard in Costa Mesa. The plaintiff Ada Hooper was riding in the front seat of an automobile being driven by her husband. They were proceeding north on Fairview Road, and the accident occurred at a point northerly of where Newport Boulevard intersects with Fairview Road. Newport Boulevard runs in a northeasterly-southwesterly direction and therefore intersects diagonally with Fairview Road, which runs in a straight northerly-southerly direction. The intersection is controlled by traffic signals. Vehicles traveling in a southwesterly direction on Newport Boulevard may make a right turn onto Fairview Road by utilizing a short "feeder road" which cuts across the apex of the angle formed by the intersection.

Prior to the collision, plaintiff's vehicle had stopped for a red light at the intersection. After waiting for the light to change to green, plaintiff's vehicle continued to proceed north on Fairview and cleared the main intersection. The defendant, John Romero, Jr., was driving a three-axle truck and trailer owned by his employer, Ranch Rock Company, in a southwesterly direction on Newport Boulevard, and made a right turn through the feeder road for the purpose of going north on Fairview Road. He noticed the "yield" sign at the end of the feeder road, indicating that northbound vehicles on Fairview Road had the right-of-way. The defendant-driver rolled his combination truck-trailer past the yield sign in second gear and entered Fairview Road. He never saw the car in which plaintiff was riding before impact. In any event, the evidence is conflicting as to whether the defendant was negligent in negotiating the turn by failing to yield the right-of-

way or in failing to see the car in which plaintiff was riding.

The collision caused damage to the left-front of defendant's truck and the right rear side of the plaintiff's automobile.

Plaintiff filed suit against the truck driver and his employer. Plaintiff's husband apparently did not join as a plaintiff inasmuch as he was not injured in the accident. The complaint contains the customary allegations with respect to negligence, proximate cause, general damages, medical expenses, and also contains the following express allegation: "As a further proximate result of the said acts, omissions and conduct of the defendants, and each of them, plaintiff's automobile was damaged, . . ." In the prayer, plaintiff requested, *inter alia,* recovery of damages to "plaintiff's automobile."

The defendant-driver and the defendant-employer answered and denied the allegations of the complaint. In addition, the defendants affirmatively alleged that plaintiff was contributorily negligent "in that she did not use ordinary and reasonable care for her own safety" at the time of the accident. The defensive issues defined in the pretrial order were limited to a denial of liability and a charge of contributory negligence.

When both sides had presented their evidence and rested, counsel conferred with the court in chambers for the purpose of discussing the proposed jury instructions. Defendants submitted an instruction on the doctrine of "imputed contributory negligence" on the basis that the allegations in the complaint regarding property damage represented an admission by plaintiff to the effect that the automobile driven by her husband, and in which she was riding, constituted her separate property, and that inasmuch as her contributory negligence had been raised as an affirmative defense in the answer, the negligence of her spouse was imputable to her as a matter of law. Plaintiff's counsel thereupon moved to dismiss the property damage claim and to amend the pretrial order by deleting any reference to the property damage claim. The motion was granted.

Plaintiff thereafter moved to amend the complaint and her pretrial statement for the purpose of eliminating any language which might be construed as alleging that plaintiff was the sole owner of the automobile or, in the alternative, to clarify the language to reflect its intended meaning that plaintiff only possessed a community property interest in the vehicle. Plaintiff further moved to reopen her case for the

purpose of offering testimony as to the nature of the ownership of the automobile, the source of funds with which it was purchased, and the name in which it was registered at the time of the accident. The trial court denied plaintiff's motions and then instructed the jury in terms of contributory negligence (BAJI 103.1) and imputed contributory negligence (BAJI 145-A). The jury returned with a verdict in favor of defendants.

Plaintiff appeals from the judgment and raises the following issues: (1) The trial court erred in instructing the jury on the doctrines of contributory negligence and imputed contributory negligence; (2) the trial court abused its discretion in denying plaintiff's motion to amend the complaint and the pretrial order, and in denying her motion to reopen for the purpose of showing community ownership of the automobile.

Prior to its amendment in 1967, section 17150 of the Vehicle Code, enacted in 1959, provided as follows: "Every owner of a motor vehicle is liable and responsible for . . . injury to person or property resulting from negligence in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

However, where the *husband* drives a *community property* automobile, his negligence may not be imputed to his wife so as to impose liability upon her whether or not she consented to his operation of the automobile. (*Shepardson* v. *McLellan*, 59 Cal.2d 83, 87 [27 Cal.Rptr. 884, 378 P.2d 108].) The rule precluding liability against the wife for the negligent operation of a community motor vehicle by her husband which results in injuries to a third person is based on the rationale that the management and control of the community property is vested in the husband; therefore, the wife's consent would add nothing to his existing right to use the vehicle; thus, the husband's negligence is not imputable to the wife under sections 17150 and 17151 of the Vehicle Code. (*Cox* v. *Kaufman*, 77 Cal.App.2d 449, 452 [175 P.2d 260].)

Prior to the year 1957, a wife was barred from recovery for personal injuries in an action against a third person where her husband was guilty of contributory negligence. (*Zaragosa* v. *Craven*, 33 Cal.2d 315, 320-321 [202 P.2d 73, 6 A.L.R.2d 461].) The enactment of section 163.5 of the Civil Code gave a wife a right of recovery against a negligent third party even

when her spouse was guilty of contributory negligence inasmuch as the damages awarded in a civil action for personal injuries were statutorily declared to constitute the separate property of the married person injured; hence, contributory negligence of the driver-husband does not bar the right of the passenger-wife to recover from the other driver for personal injuries sustained by the wife. (*Wilkins* v. *Sawyer*, 232 Cal. App.2d 458, 462 [42 Cal.Rptr. 817].) ▮ The enactment of section 163.5 of the Civil Code making a recovery for personal injuries by a married person his or her separate property was for the express purpose of eliminating as a defense the negligence of the injured person's spouse. (See 17 Stan.L.Rev. 55, *Imputed Contributory Negligence.*) Although section 163.5 of the Civil Code terminated the community status of the wife's cause of action for personal injuries, it did not preclude the imputation of her husband's negligence to her when she sought to recover damages against a third party where she gave him permission to drive a car owned by them as *joint tenants* or *tenants-in-common* (*Cooke* v. *Tsipouroglou*, 59 Cal.2d 660, 664 [31 Cal.Rptr. 60, 381 P.2d 940].)[1]

▮ Consequently, the nature of the ownership of the car driven by plaintiff's spouse constituted a vital element in the case under review. In the event the car was owned by the plaintiff as her separate property, or was owned by her and her spouse as tenants-in-common or as joint tenants, the provisions of section 17150 of the Vehicle Code would have required the imputation of her husband's contributory negligence to her. Conversely, if she and her spouse owned the vehicle as community property, the provisions of section 163.5 of the Civil Code providing that "All damages, special and general, awarded a married person in a civil action for personal injuries, are the separate property of such married person" would have prohibited her husband's contributory negligence from being imputed to her. The question then arises whether the trial court abused its discretion in not permitting amendments of the complaint and the pretrial

---

[1]Vehicle Code, section 17150 was amended in 1967 because it prevented an innocent vehicle owner from recovering any damages for a personal injury caused by the concurring negligence of his driver and a third person, and the section now permits the innocent owner to recover his damages from the negligent third person. (See Legislative Committee Comment in Senate—1967 amendment.) However, the amendment to the act does not confer or impair any right or defense arising out of any injury to person or property occurring prior to the effective date of the act. (Stats. 1967, ch. 702, § 14.)

order which would have permitted evidence to be introduced as to the true ownership of the car.

When a party inadvertently makes an allegation which is destructive of his cause of action or of a valid defense, the courts generally have favored amendments to the pleadings so as to permit the party to assert the true facts and to correct the innocent error. (*Hodge* v. *Hodge,* 257 Cal.App. 31, 37 [64 Cal.Rptr. 587]; *Jackson* v. *Pacific Gas & Elec. Co.,* 95 Cal.App.2d 204, 209 [212 P.2d 591]; *Fuller* v. *Vista Del Arroyo Hotel,* 42 Cal.App.2d 400, 405 [108 P.2d 920].) The general rule applicable to amendment of pleadings is to allow great liberality prior to trial, and even during the trial itself, so that questions litigated between parties may be decided on the merits. (*Posz* v. *Burchell,* 209 Cal.App.2d 324, 333 [25 Cal.Rptr. 896]; *Trafton* v. *Youngblood,* *(Cal.App.) 64 Cal.Rptr. 822. In 1963 section 576 of the Code of Civil Procedure was adopted by the Legislature to provide specifically that ''Any judge, at any time before or after commencement of trial, in the furtherance of justice, and upon such terms as may be proper, may allow the amendment of any pleading or pretrial conference order.''

In the instant case, amendment of the complaint and the pretrial order would not have deprived the defendants herein of any valid defense. In the event the plaintiff had been allowed to reopen her case for the purpose of showing the nature of the ownership of the vehicle, and plaintiff had failed to demonstrate its community character, the doctrine of imputation of negligence could have been invoked as a defense and defendants would have lost nothing to which they were entitled. (See *Saari* v. *Superior Court,* 178 Cal.App.2d 175, 179 [2 Cal.Rptr. 856].) If, upon reopening, plaintiff established that the car driven by her spouse was community property, then the true facts as to the ownership would have been proved and her husband's negligence would not have been imposed upon her. The trial court thus abused its discretion in not permitting simple amendments of the complaint and the pretrial order.

Moreover, the trial court was in error in giving the instruction that the contributory negligence of the husband was imputable to the plaintiff. In order for a defendant to

---

*A hearing was granted by the Supreme Court on February 14, 1968. The opinion of the court is reported in 69 Cal.2d —— [69 Cal.Rptr. 568, 442 P.2d 648].

avail himself of the defense of imputed contributory negligence, he must first plead the defense and then prove it. (*Campagna* v. *Market St. Ry. Co.*, 24 Cal.2d 304, 307 [149 P.2d 281]; *Bennett* v. *Chanslor & Lyon Co.*, 204 Cal. 101, 105-106 [266 P. 803]; 2 Witkin, Cal. Procedure (1954) § 538, subd. 3, p. 1536.) When such defense is not pleaded, an instruction thereon is error unless the issue is litigated during trial. (*Travis* v. *Southern Pac. Co.*, 210 Cal.App.2d 410, 427-428 [26 Cal.Rptr. 700].) In the case under review, the record fails to indicate that the defense was pleaded or that it was litigated. It necessarily follows that the instruction should not have been given.

Plaintiff also maintains that it was error to instruct the jury in terms of contributory negligence in that there was no evidence that plaintiff failed to use reasonable care for her own safety at the time of the accident. We need not determine the issue in view of the fact that a reversal is required. Inasmuch as a retrial will be necessary, it should be noted that the evidence, if any, of plaintiff's contributory negligence was extremely slight. Defendants maintain that there was evidence of plaintiff's contributory negligence in that she failed to pay any attention to traffic immediately prior to the collision, was talking to her husband while he was driving, and hollered or yelled at her husband immediately before the impact. ▮ Nevertheless, the general rule is that a person riding in an automobile is not charged with the responsibility of observing the condition of the traffic on the highway, and his mere failure to do so, without more, will not support a finding of contributory negligence in the absence of some fact brought to his attention which would cause a person of ordinary prudence to act otherwise. (*Robinson* v. *Cable*, 55 Cal.2d 425, 427-428 [11 Cal.Rptr. 377, 359 P.2d 929]; *Klein* v. *Southern Pac. Co.*, 203 Cal.App.2d 72, 78 [21 Cal.Rptr. 233]; *Marques* v. *Hill*, 191 Cal.App.2d 777, 781 [13 Cal.Rptr. 168].)

From the foregoing it is apparent that if, from the evidence, the jury could legitimately draw some inference showing that contributory negligence on the part of plaintiff proximately contributed to the causation of the accident and the injuries complained of, the giving of the instruction on contributory negligence is proper and the question becomes one of fact for the jury. If the evidence does not admit of any such inference, the giving of the instruction is error. Whether the instruction on contributory negligence should be given

upon retrial will depend upon the evidence introduced in the course of the second trial as to whether any facts existed which would cause plaintiff, as a person of ordinary prudence, to assume the responsibility of observing the conditions of traffic on the highway at the time of the accident.

Judgment reversed.

Tamura, J., concurred.